## Silas Beckley *versus* Jarvis Freeman.

Where an accountable receipt for goods attached was given to the officer by a third person, and the goods were returned' to the defendant, it was *held*, that such third person was a competent witness for the defendant, upon a sum of money being deposited in his hands, equal to the amount at which the goods were valued in the receipt.

So, the indorser of a writ is a competent witness for the plaintiff, where a sum of money clearly sufficient to indemnify him against his liability for costs, has been placed in his hands for that purpose.

Assumpsit for goods sold. At the trial in the Court of Common Pleas, before *Strong* J., the defendant called Silas Freeman as a witness. The plaintiff objected to him, because he had given to the officer who served the writ, an accountable receipt for the property attached, and the property had been returned to the defendant ; and it was therefore contended

by the plaintiff, that the witness was interested in the event of the suit. In answer to this, it was proved by the defendant, that the sum of $115, being the amount at which the property was valued in the receipt, was deposited in the hands of the witness by the defendant, for the purpose of indemnifying him against his liability on the receipt.

Upon this evidence it was ruled, that the witness was competent.

The plaintiff produced as a witness, Robert F. Barnard, who was the indorser of the writ, and proved, that $300 had been deposited in his hands for the purpose of indemnifying him against his liability to pay costs ; that this sum was so deposited after all of the defendant's evidence had been produced ; and that the defendant's taxable costs up to the time of trial did not exceed $80.

The witness was rejected, as being still interested.

To these rulings the plaintiff excepted.

*Byington* and *Barnard*, for the plaintiff, cited *Caldwell* v. *Lovett*, 13 Mass. R. 428 ; *Chaffee* v. *Thomas*, 7 Cowen, 358 ; *Bailey* v. *Hole*, 3 Carr. & Payne, 560 ; *Allen* v. *Hawks*, 13 Pick. 79 ; *Carter* v. *Pearce*, 1 T. R. 163 ; *Ely* v. *Forward*, 7 Mass. R. 125 ; 2 Stark. Evid. (Metc. edit.) 745.

*Briggs* and *Hall*, for the defendant, cited *Jones* v. *Savage*, 6 Wendell, 660.

PUTNAM J. delivered the opinion of the Court. We consider that it is the settled law of this State, that a receipter of property may be a witness, on having a sufficient sum of money put into his hands as an indemnity. *Allen* v. *Hawks*, 13 Pick. 79. Indeed the Court of Common Pleas applied the rule in the case at bar and ruled, that a receipter who had property put into his hands to the value mentioned in the receipt, was a competent witness.

The principle which governs the case of a receipter applies to the case of an indorser of a writ prior to the *St.* 1833, *c.* 50. For the indorser was incompetent from his liability to pay costs if the defendant should prevail ; and if a sum of money clearly and evidently sufficient to indemnify him against such liability, should be deposited in his hands, his competency to testify would be restored. The uncertainty as to the

Beckley
*v.*
Freeman.

*Sept.* 11th

*May term* 1835.

eventual amount should not prevent the application of this salutary rule ; because the amount may, to reasonable expectation, be ascertained, so far as to leave no doubt at all in the mind of the Court, that the sum proposed to be put into the hands of the indorser will be a full indemnity. Now at the time when the sum of $300 was put into the hands of Mr. Barnard, the indorser, all the evidence of the defendant had been put in, and the amount of the taxable costs for which the indorser might be liable was only $80. The indorser had $220 in his hands more than the taxable costs for which he was then liable. The Court of Common Pleas rejected the testimony, on the ground that the witness was interested. We are at a loss to know upon what ground his supposed interest rested. If the sum then proposed to be deposited as an indemnity were too small, the court should have expressed that opinion, to the end that such further sum might be deposited as would be satisfactory to the court. If the court proceeded on the ground, that no sum whatever so deposited would be a sufficient indemnity, because the amount of eventual liability could not be ascertained exactly, we think the opinion cannot be maintained. But it appears clearly to us, that the interest of the witness was completely taken off by the amount so deposited ; and that a new trial at the bar of the Court of Common Pleas should be granted for that cause.